UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

KAHNITA MITCHELL,                    )
                                     )
            Plaintiff,               )
                                     )
     vs.                             )          Case No. 1:17-cv-00067-AGF
                                     )
TYSON FOODS, INC. and                )
RICHARD RILEY,                       )
                                     )
            Defendants.              )

## MEMORANDUM AND ORDER

This matter is before the Court on the motion (ECF No. 9) of Defendants Tyson

Foods, Inc. ("Tyson") and Richard Riley ("Riley") to dismiss Plaintiff's employment

discrimination complaint in part, for failure to state a claim under Federal Rule of Civil

Procedure 12(b)(6). Plaintiff has not responded to the motion, and the time to do so has

passed. For the reasons set forth below, the Court will grant Defendants' motion.

## BACKGROUND

Plaintiff, a former employee of Tyson, filed this lawsuit on February 16, 2017.

She asserts claims against Tyson and Riley under Title VII of the Civil Rights Act of

1964, 42 U.S.C. § 2000e, et seq., the Americans with Disabilities Act ("ADA"), 42

U.S.C. § 12101, et seq., and the Missouri Human Rights Act ("MHRA"), Mo. Rev. Stat.

§ 213.010, et seq. Plaintiff's complaint contains four counts: sex discrimination (Count

I); disability discrimination (Count II); retaliation (Count III); and constructive discharge

(Count IV).  Each count references both federal and state law, and each is asserted against both Defendants.  Plaintiff seeks compensatory and punitive damages.

In her complaint, Plaintiff alleges that she filed a charge of discrimination with the Missouri Commission on Human Rights ("MCHR") and the Equal Employment Opportunity Commission ("EEOC") on March 30, 2015, and amended the charge on April 18, 2016.  Plaintiff alleges that the MCHR issued a Notice of Right to Sue on November 16, 2016, and the EEOC issued its Notice of Right to Sue on December 27, 2016.  Plaintiff attaches the administrative charges and Notices of Right to Sue as exhibits to her complaint.

Defendants have moved to dismiss the MHRA claims against both Defendants as untimely, having been filed more than 90 days after the MCHR issued its Notice of Right to Sue.  Defendants have also moved to dismiss the Title VII and ADA claims against Riley only, on the ground that these federal statutes do not impose personal liability on individuals.  Defendants have not sought dismissal of the Title VII and ADA claims against Tyson.

## DISCUSSION

To survive a motion to dismiss for failure to state a claim, a plaintiff's allegations must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The reviewing court must accept the plaintiff's factual allegations as true and construe them in plaintiff's favor, but it is not required to accept the legal conclusions the plaintiff draws from the facts alleged.  *Id.* at

678; *Retro Television Network, Inc. v. Luken Commc'ns, LLC*, 696 F.3d 766, 768-69 (8th Cir. 2012).

The MHRA provides that "[a]ny action brought in court under this section shall be filed within ninety days from the date of the commission's notification letter to the individual but no later than two years after the alleged cause occurred or its reasonable discovery by the alleged injured party." Mo. Rev. Stat § 213.111.1; *see also State, ex rel. Martin–Erb v. Mo. Comm'n on Human Rights*, 77 S.W.3d 600, 604 (Mo. 2002) ("The complainant must file any civil action against the person or entity allegedly committing the discrimination within 90 days of the date of the MCHR's letter . . . ."). Plaintiff did not file suit until February 16, 2017, 92 days after the date of the MCHR's Notice of Right to Sue, and she has not provided any explanation for the delay. Her MHRA claims against both Defendants must be dismissed as untimely. *See Favaloro v. BJC Healthcare*, No. 4:14-CV-284 CAS, 2015 WL 6531867, at \*2 (E.D. Mo. Oct. 28, 2015) (dismissing MHRA claim as untimely because it was filed 125 days after the date of the MCHR's notice of right to sue); *Hammond v. Mun. Correction Inst.*, 117 S.W.3d 130, 138 (Mo. Ct. App. 2003) ("Statutes of limitations contained in the Missouri Human Rights Act have been strictly construed.").

Defendants are also correct that "[i]t is well settled that Title VII provides for claims only against an individual's 'employer' and that individual coworkers, supervisors and managers are not employers under the statute." *Robinson v. N. Am. Sch. Bus, No.* 4:16 CV 1576 RWS, 2017 WL 1477143, at \*3 (E.D. Mo. Apr. 24, 2017); *see also Roark v. City of Hazen, Ark.*, 189 F.3d 758, 761 (8th Cir. 1999) ("[A] supervisor may not be

held liable under Title VII.").  Likewise, "[a]lthough the Eighth Circuit has not addressed whether individuals may be liable under Title I of the ADA, this Court has stated its belief that the Eighth Circuit would determine that suits may not be brought against individual defendants under the ADA."  *Favaloro*, 2015 WL 6531867, at \*4 (collecting cases).  Therefore, the Court will dismiss Plaintiff's Title VII and ADA claims against Riley.

## CONCLUSION

For the reasons set forth above,

**IT IS HEREBY ORDERED** that Defendants' partial motion to dismiss is **GRANTED**.  ECF No. 9.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 28th day of July, 2017.

4